# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| UNITED STATES OF AMERICA | CR. ACTION NO. 12-00018 |
|---|---|
| VERSUS | JUDGE ROBERT G. JAMES |
| DENIS AGBOR AGBOR | MAG. JUDGE KAREN HAYES |

## RULING

Pending before the Court is a Motion in Limine by the United States ("the Government") as to Introduction of Evidence ("Motion in Limine") [Doc. No. 27]. Defendant Denis Agbor Agbor ("Agbor") has filed a Memorandum Supporting Opposition to Government's Motion in Limine Re Introduction of Evidence ("Opposition Memorandum") [Doc. No. 29].

For the following reasons, the Motion in Limine is GRANTED IN PART and DENIED IN PART.

The Government moves the Court for a ruling that it may introduce evidence of Agbor's immigration status and that, because of this status, he made representations that he was "Alfonso T. McDaniel, a citizen of the United States." [Doc. No. 27, ¶ 2]. The Government contends that this evidence is admissible because it is inextricably intertwined with the charged offense, or, in the alternative, that the evidence is admissible under Fed. R. Evid. 404(b) to show proof of motive, opportunity, knowledge, intent, or lack of mistake or accident. The Government further moves the Court for a ruling that it may introduce evidence that Defendant asked other women to marry him, so that he could obtain immigration benefits. The Government contends that this evidence is admissible under Rule 404(b) to show proof of motive, opportunity, knowledge, intent, and lack of

mistake or accident.

Agbor did not specifically challenge the Government's introduction of his immigration status. However, he does challenge the introduction of evidence about his alleged false identity and his subsequent marriage proposals. He argues that the Government should not be permitted to introduce evidence of his alleged false identity because the evidence is not intrinsic when it had nothing to do with his alleged fraudulent marriage, the Government concedes that Agbor's wife did not know about this other identity, and the Government does not indicate if the false identity was used during the time frame of the marriage. Agbor further argues that evidence of his alleged false identity is not admissible under Rule 404(b) because he married the alleged victim under his true identity, and there is no probative value except to show propensity. Even if this evidence has some probative value, Agbor contends that the probative value is outweighed by the prejudicial effect. Likewise, Agbor argues that the Government has failed to present sufficient details of his proposals to other women for the Court to render a determination as to whether this evidence is probative, and, even if the evidence is probative, Agbor argues that this type of evidence painting him as a "womanizing scoundrel" is also unduly prejudicial. [Doc. No. 29, p. 6].

Federal Rule of Evidence 404(b) only applies to limit the admissibility of evidence of extrinsic acts. *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007). Intrinsic evidence, on the other hand, is generally admissible, so that the jury may evaluate all the circumstances under which the defendant acted. *Id.* (quoting *United States v. Royal*, 972 F.2d 643, 647 (5th Cir. 1992)); *see also United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996) ("Intrinsic evidence does not implicate Rule 404(b), and 'consideration of its admissibility pursuant to Rule 404(b) is unnecessary.'") (quoting *United States v. Garcia*, 27 F.3d 1009, 1014 (5th Cir.1994)). "Evidence of an act is

intrinsic when it and evidence of the crime charged are inextricably intertwined, or both acts are part of a single criminal episode, or it was a necessary preliminary to the crime charged." *Sumlin*, 489 F.3d at 689; *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990). Such evidence is admissible to complete the story of the crime by providing the context of events. *Coleman*, 78 F.3d at 156.

If, on the other hand, evidence of a defendant's other crimes, wrongs, or acts is extrinsic, then under Rule 404(b) and *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978), the Court applies a two-step test for determining the admissibility of the 404(b) evidence. First, the evidence must be relevant to some issue other than the defendant's character, such as motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Fed. R. Evid. 404(b) (Evidence is admissible "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident"); *Beechum*, 582 F.2d at 911 (" First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character."). Second, the probative value of the evidence must be greater than its potential to unfairly prejudice the jury. *Id.*

On January 31, 2011, Agbor, a citizen of Cameroon, married a woman in Tallulah, Louisiana. He is charged in a one-count Indictment with entering into the marriage for the purpose of evading the immigration laws in violation of 8 U.S.C. § 1325(c). At trial, the Government is required to prove that (1) the Defendant knowingly married a person who is a United States citizen; and (2) the Defendant knowingly entered into the marriage for the purpose of evading a provision of the United States immigration laws.

The Government seeks to introduce evidence that Agbor entered the United States on

3

December 29, 2004, on a B2 non-immigrant visa, and the visa expired on June 28, 2005. However, he then used the false identity of Alfonso T. McDaniel, a United States citizen to obtain employment. The alleged victim of the marriage fraud was aware of Agbor's citizenship, but the Government admits that she was unaware of his exact immigration status or that he used false identities to obtain employment.

To the extent that the Government seeks to introduce evidence that Agbor's immigration status and his arrival in this country, the Court finds that the evidence of his immigration status is intrinsic. Part of the Government's burden is to prove that Agbor knowingly entered into the fraudulent marriage to evade immigration laws, and evidence of Agbor's immigration status is admissible to complete the story of the crime by providing the context of events. Thus, the Government's Motion in Limine is GRANTED as to this evidence.

However, the fact that Agbor used a false identity to obtain employment is not intrinsic. The Government can establish Agbor's immigration status, his relationship with the victim, and his alleged fraudulent marriage without addressing his use, prior to the marriage, of an alias of which his victim has no knowledge.

Since the Court has determined that evidence of Agbor's false identity is extrinsic, this evidence is admissible only if it meets the two-part *Beecham* test. Under the broad relevance standard, the Court finds that the evidence may well be relevant to Agbor's intent to evade the immigration laws of the United States and his knowledge of and familiarity with the different methods of evading the immigration laws. Nevertheless, even if the evidence is relevant, the second step of the *Beecham* test requires the Court to consider whether the probative value of the evidence is substantially outweighed by its prejudicial effect. The Court finds that this evidence is too

4

prejudicial and confusing to the jury for it to be admissible.  The Court anticipates that, by allowing testimony and other evidence of Agbor's alleged conduct with regard to the use of a false identity, there will be both undue prejudice to Agbor and confusion to the jury regarding the focus of this trial.  Therefore, the Court finds that this evidence is not admissible as intrinsic or under Rule 404(b).  The Government's Motion in Limine is DENIED as to this evidence.

Finally, the Court turns to evidence of Agbor's alleged marriage proposals to other women, which the Government contends took place after the victim began annulment proceedings in the subject marriage.  The Government argues that this evidence is also admissible under Rule 404(b) to show Agbor's intent, motive, preparation, and plan in entering into the fraudulent marriage.  The Court agrees.  While Agbor is correct that the evidence is prejudicial to him, the probative value of this evidence is not substantially outweighed by undue prejudice or other concerns.  Thus, the Motion in Limine is GRANTED as to this evidence.

MONROE, LOUISIANA, this 2nd day of July, 2012.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE